**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA FLORES,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ____________________ |
| | ) | |
| UNITED AIRLINES INC.<br>Defendant. | ) | |

**NOTICE OF REMOVAL**

United Airlines Inc. ("United"), by its counsel, Wiedner & McAuliffe Ltd., hereby removes this action from Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§1331, 1367 and 1446, for these reasons:

**PARTIES**

1. On September 28, 2026, Laura Flores brought suit against United, in a case entitled *Laura Flores v. United Airlines Inc.*, No. 2026 L 11574 (Cook Co. (Ill.) Cir. Ct.). (*See* Exhibit 1.)

2. Plaintiff, Laura Flores, is an Illinois citizen residing in Chicago, Illinois. (*See* Exhibit 1, ¶4.)

3. United, who is the sole defendant in this case, is incorporated in Delaware, but maintains its principal place of business at 233 South Wacker Drive in Chicago, Illinois.

4. Plaintiff purportedly attempted to serve United with the Complaint in *Flores v. United Airlines* on September 29, 2026. (*See* Exhibit 2.). However, Plaintiff failed to obtain proper service,[1] and United expressly reserves its right to contest service of process.

5. Michael Agruss, of Mike Agruss Law, has appeared on behalf of Ms. Flores.

[1] The process server delivered the Summons and Complaint to an address that is not the address of United's registered agent. As a result, United did not receive the Summons and Complaint on September 29, 2026.

6. Richard J. Leamy, Jr. has appeared on behalf of United.

## GROUNDS FOR REMOVAL

7. This Notice of Removal has been timely filed. Under 28 U.S.C. §1446(b)(1), "[a] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." This Notice of Removal complies with the timing requirements of 28 U.S.C. §1446(b)(1) because United filed this notice on October 29, 2026, which is within thirty days of September 29, 2026 – the date Plaintiff purportedly attempted service on United. (Exhibit 2.)

8. 28 U.S.C. §1446(a) provides that this notice must "[contain] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

9. All required papers are attached as exhibits, including the Complaint (Exhibit 1), the summons and the purported return of service (Exhibit 2), and an order setting the matter for a case management hearing on November 24, 2026 (Exhibit 3).

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as it presents a federal question "arising under the Constitution, laws, or treaties of the United States."

11. In brief, Ms. Flores's claims arise from her international travel on United Airlines Flight 1196 on August 28, 2024 from Cancun, Mexico to Chicago, Illinois. (Exhibit 1, ¶6.) Plaintiff's Complaint alleges that during that international flight, while walking from her seat to the lavatory, the flight purportedly experienced turbulence, allegedly causing Ms. Flores to hit the ceiling of the aircraft and come down onto a seated passenger, with her allegedly suffering injuries as a result. (*Id.*, ¶¶8-12.)

12. Count I of the Complaint (*id.*, ¶¶18-25) was brought under the Convention for the Unification of Certain Rules for International Carriage by Air (Senate Treaty Doc. 106-45 (May 28, 1999)) (hereafter, the “Montreal Convention”) – a treaty to which the United States of America, and Mexico, are both signatories. The Montreal Convention governs claims for damage on account of bodily injuries that may arise during international air travel. Accordingly, the Montreal Convention provides this Court with federal question jurisdiction under 28 U.S.C. §1331.

13. Plaintiff brings two claims in this case, including

(a) a claim that United is liable under the Montreal Convention, as it “holds carriers strictly liable for passenger injuries caused by in-flight accidents” and makes Ms. Flores “entitled to recover damages under the Convention” (Exhibit 1, ¶¶18-25), and

(b) a claim that United is liable for negligence, in that United, among other things, allegedly did not “maintain awareness of known or anticipated turbulence during the flight” and did not “timely warn” Ms. Flores and others of that impending turbulence (*id.*, ¶¶26-30).

14. The Montreal Convention applies to “all international carriage of persons… performed by aircraft for reward.” *Montreal Convention*, Art. 1(1). United Flight 1196 was such an “international carriage,” as its departure point and destination were in two different signatories to the treaty (*i.e.*, Mexico and the United States). *Montreal Convention*, Art. 1(2).

15. The Montreal Convention provides that a carrier “is liable for damages sustained in case of death or bodily injury upon condition only that the accident… took place on board the

aircraft or in the course of any of the operations of embarking or disembarking." *Montreal Convention*, Art. 17(1). Plaintiff's claims, as alleged, fit within this provision.[2]

16. Damages for bodily injuries under the Convention are limited to "100,000 Special Drawing Rights" (*Montreal Convention*, Art. 21(1)), with liability not to exceed that amount if (a) the damage was not due to the carrier's negligence, or (b) the damage was due entirely to the acts or omissions of a third party (*id*., Art. 21(2)).[3]

17. The Montreal Convention provides that "any action for damages, however founded, whether under this convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention," and that "[in] any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable." *Montreal Convention*, Art. 29.

18. The Montreal Convention's purpose was to provide uniformity in the laws governing international air carrier liability, as was true of conventions that preceded it. *See El Al Israel Airlines Ltd. v. Tseng*, 525 U.S. 155, 169 (1999) (claims made under the Warsaw Convention, which was superseded by the Montreal Convention). Signatories "recognized the advantage of regulating in a uniform manner the conditions of… the liability of the carrier.'" *Id.* (quoting Warsaw Convention, 49 Stat. 3000, 3014 (Oct. 12, 1929).) To achieve this goal, such conventions set forth "an array of liability rules which… apply to all international transportation of persons, baggage, or goods performed by aircraft." *Id.* (citation and punctuation omitted).

[2] United denies Ms. Flores's factual and legal claims, and denies any liability or wrongdoing.

[3] A "Special Drawing Right" is tied to a rate published by the International Monetary Fund. As of October 16, 2026, one Special Drawing Right was equal to approximately $1.36. (*See* https://www.imf.org/external/np/fin/data/param_rms_mth.aspx.)

19. Given that Count I of Plaintiff's Complaint is explicitly brought under the Montreal Convention, this Court may take jurisdiction over the case, as it raises a federal question of the application of an international treaty to her claims. This Court may also assert supplemental jurisdiction, under 28 U.S.C. §1367, over Plaintiff's state-law negligence claim stated in Count II of her Complaint.

WHEREFORE, United Airlines Inc. hereby removes this action from Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

WIEDNER & McAULIFFE, LTD.

By: /s/ Richard J. Leamy, Jr.
Attorney for United Airlines, Inc.

Richard J. Leamy, Jr. ARDC #3122843
J. Jason Coggins – ARDC #6242695
Anna Morrison-Ricordati – ARDC #6279300
Maureen E. G. Andersen – ARDC #6352551
Wiedner & McAuliffe, Ltd.
One North Franklin Street, Suite 1900
Chicago, Illinois 60606
(312) 855-1105
rjleamy@wmlaw.com; jjcoggins@wmlaw.com
amricordati@wmlaw.com; meandersen@wmlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice of Removal was served upon the person named below via e-mail, on October 29, 2026.

/s/ Richard J. Leamy, Jr.
Attorney for United Airlines, Inc.

**Attorney for Plaintiff**
Michael Agruss (mike.agruss@844seemike.com)
Mike Agruss Law
1301 West 22nd Street, Suite 711
Oak Brook, Illinois 60523